UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAUDIA BERNAL and JAMES BERNAL, Plaintiff, | § § § § § | CIVIL ACTION NO. 4:18-cv-04733 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, Defendant. | § § § § § § | |

## MEMORANDUM AND ORDER
## DENYING MOTION FOR SUMMARY JUDGMENT
## AND REQUIRING ABATEMENT

The motion for summary judgment by Defendant Travelers Lloyds of Texas Insurance Co is denied. Dkt 10. But the Court abates this action until Plaintiffs Claudia and James Bernal submit to examination under oath as required by their insurance policy.

The relevant facts evince no material dispute. The Bernals have an insurance policy with Travelers. Dkt 10-2. They submitted an insurance claim in August 2017 for damage caused by Hurricane Harvey. Dkt 10-3 at 1–2. Through several appraisals and inspections, Travelers made various payments to the Bernals. See Dkt 10-16 (copies of checks). It then informed the Bernals in June 2018 that Travelers was "[c]losing claim at this time." Dkt 11-2 at 2.

The Bernals retained counsel and sent Travelers a statutory notice and demand letter later that month. Dkt 11-4. Travelers replied in July 2018 with a "written request to inspect, photograph and evaluate the Premises" pursuant to Section

542A.004 of the Texas Insurance Code. Dkt 10-18 at 1. Reinspection occurred in August 2018. Later that month, Travelers requested "additional information or documentation, including any photographs showing covered damage, or any investigative or engineering reports identifying a covered cause of the damage." Dkt 10-20 at 3.

In September 2018, Travelers issued a supplemental reservation-of-rights letter and invoked a right of examination under oath under the policy. Dkt 10-21 at 10–11. Travelers made three scheduling requests in September and October 2018 before unilaterally scheduling a date in November 2018. See Dkts 10-22, 10-23, 10-24.

The Bernals responded by filing this action. Dkt 1-1 at 2. They have never provided the information requested by Travelers in August 2018. And the examination under oath has yet to occur.

Travelers now moves for summary judgment claiming that the Bernals breached conditions precedent to coverage under their policy. It relies on a policy provision titled "Duties After Loss." Dkt 10 at 9. This in relevant part states that "as often as we reasonably require," the policyholder must "submit to examination under oath and sign and swear to it." Dkt 10-2 at 21. The policy further states that "[n]o suit or action can be brought unless the policy provisions have been complied with." Id at 22. Travelers asserts that the Bernals' failures relieve it of contractual obligations under the policy and bar the Bernals' extra-contractual remedies. Dkt 10 at 8.

The Bernals do not dispute the validity of the duties-after-loss provisions. Dkt 11 at 1. They instead argue that their obligation to submit to an examination under oath ended when they received notice that Travelers was closing its investigation. Id. They cite *In re Cypress Texas Lloyds*, for support. 437 SW3d 1 (Tex App—Corpus Christi-Edinburg 2011). But there, the insurance company had concluded its investigation and paid the claim, never requesting an examination under oath until *after* the plaintiff had filed suit. Id at *16. The Bernals cite no case holding that a request for an examination under oath is invalid *prior to* the filing of a lawsuit when the contract so requires. And here, it is

undisputed that Travelers requested such examination before the Bernals filed suit. Dkt 10-21 at 10–11.

Controlling Texas law holds as valid policy provisions requiring an insured to submit to an examination under oath. *Perrotta v Farmers Insurance Exchange*, 47 SW3d 569, 573 (Tex App—Houston [1st Div] 2001). If the insured fails to comply, that breach "precludes him from maintaining suit for breach of contract." Id at 574, citing *Gulf Pipe Line Co v Nearen*, 138 SW2d 1065, 1068 (Tex 1940). This is in line with well-settled principles that a defaulting party to a contract cannot maintain a suit for its breach. *Gulf Pipe Line Co*, 138 SW2d at 1068.

But this doesn't mean that the Bernals' failure entirely absolves Travelers of its obligations. Texas law is equally clear that the proper remedy is abatement of the case until the plaintiff complies. See *Vallejo v Vehicle*, 2018 WL 4103028, *3 (SD Tex 2018), citing *Philadelphia Underwriters' Agency of Fire Insurance Association of Philadelphia v Driggers*, 111 Tex 392 (1922). Indeed, abatement—and not summary judgment—is the correct remedy even when contracts have provisions barring any suit or action unless the policyholder complies with such provisions. See *Shafighi v Texas Farmers Insurance Co*, 2013 WL 1803609, *3 (Tex App—Houston [14th Dist] 2013) (collecting cases interpreting similar provisions).

The plain language of the policy requires the Bernals to submit to an examination under oath, if requested, prior to bringing suit under the policy. Travelers so requested. Travelers is not entitled to summary judgment, but it is entitled to abatement until that examination occurs.

Travelers also points to requests for proof of expense and other financial information which the Bernals have allegedly refused to provide. Dkt 10 at 12. The policy requirement limits obligation to *reasonable* requests for *pertinent* information. Dkt 10-2 at 21. The Bernals point to the protracted request history by Travelers, bringing into material factual dispute both reasonableness and pertinence. Dkt 11 at 10–11. While these requests do not support summary judgment, Travelers can seek to obtain this information during discovery, when and if this action proceeds.

The Court DENIES the motion for summary judgment.

The Court ABATES this action until the Bernals submit to examination under oath. If the Bernals fail to comply by June 26, 2020, Travelers may seek further appropriate relief.

SO ORDERED.

Signed on March 26, 2020, at Houston, Texas.

*signature*

Hon. Charles Eskridge
United States District Judge